Filed 9/29/21  In re Angel M. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re ANGEL M. et al., Persons Coming Under the Juvenile Court Law. | B308983 (Los Angeles County Super. Ct. No. 20CCJP04605) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ANA M., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Dismissed in part; affirmed in part.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

———————————————

Ana M. appeals from the juvenile court's disposition order removing from her physical custody the two children she had with Isidro M., 16-year-old Angel M. and 14-year-old Blanca M., after the court sustained a petition under Welfare and Institutions Code section 300, subdivision (b)(1),[1] alleging Ana had a history of illicit drug use and was a current user of methamphetamine.  During the pendency of the appeal, the juvenile court ordered Angel and Blanca returned to Ana's physical custody and granted Ana family maintenance services.  We now dismiss Ana's appeal as to Angel and Blanca as moot.

Ana also appeals the juvenile court's custody order entered as to the four children Ana had with Israel P., 11-year-old Victoria M., 10-year-old Ariam P., two-year-old Jade P., and three-month-old Neveah P., granting Israel sole legal custody of the four children.  We reject Ana's contention the juvenile court abused its discretion in entering the custody order, and we affirm as to this order.  Ana does not appeal the orders the juvenile

---

[1]     Further statutory references are to the Welfare and Institutions Code.

2

court made as to the two children Ana had with Edwin M., seven-year-old Karishma M. and five-year-old Serenia M.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Prior Dependency Case*

On June 4, 2013 the juvenile court declared the four older children, Angel, Blanca, Victoria, and Ariam, dependents of the court. The court sustained the allegations Ana failed to protect Angel and Blanca from physical abuse by Rosa C., an unrelated female who lived in the home. The court also sustained the allegation Ana used methamphetamine, which rendered her incapable of providing regular care for the children. On March 20, 2014 the juvenile court terminated jurisdiction over Angel and Blanca.[3] On October 30, 2015 the court terminated jurisdiction over Victoria and Ariam and granted joint legal and physical custody to Ana and Israel.

On January 28, 2015 the Los Angeles County Department of Children and Family Services (Department) received a referral that in June 2014 Ana had tested positive for methamphetamine while pregnant with Serenia. Ana said she did not know how she tested positive for methamphetamine because she last used the

[2] The three fathers are not parties to this appeal. Isidro has not had contact with Angel and Blanca since 2013. Edwin has not had contact with his children since 2015.

[3] Although the record is not clear, we assume Ana was given sole legal and physical custody because Isidro did not have contact with Angel and Blanca after 2013.

3

drug in 2012. Ana's toxicology test was negative when she gave birth to Serenia in January 2015, and Serenia was not tested. The allegation was deemed unfounded because there were no continuing concerns at the time of the referral; Ana and Serenia appeared healthy.

B.    *The Current Referral, Investigation, and Petition*

On August 10, 2020 the Department received a referral alleging Ana, who was pregnant with Neveah, tested positive for methamphetamine on August 4 when she went to the emergency room complaining of abdominal pain. Ana denied using drugs and could not explain why she tested positive. Ana and Neveah tested negative for drugs at the time of Neveah's birth.

On August 17 a social worker made an unannounced visit to Israel's home. Paternal grandmother Benita A. answered the door and gave the social worker permission to enter the home. Ariam and Jade were present in the home. Benita stated Israel and Ana had gone to Victoria's school to pick up a laptop for Victoria. Israel, Victoria, and Ariam lived with Benita. Benita helped care for the children when Israel ran errands. Paternal great-aunt Marilou D., who was present in the home, reported she helped care for Ariam and Victoria when Benita and Israel were at work. Benita indicated Ana and Israel were still in a romantic relationship, but they did not live together. Benita added that Ana acted appropriately and appeared well during visits, and Benita had no concerns about Ana using drugs.

The same day the social worker made an unannounced visit to Ana's home. The social worker heard a female voice telling a barking dog to be quiet, but no one responded to the social worker's knocks on the door. After making arrangements with

4

Ana by phone, the social worker returned on August 19. Angel, Blanca, Karishma, and Serenia were present. Ana reported Victoria, Ariam, and Jade were at Israel's home. Ana said Victoria and Ariam went back and forth between her home and Israel's home.

The social worker observed Ana's home was roach infested, messy, and cluttered with "feces stains on the floor [and] opened [R]aid bottles," and it smelled of animal urine. Ana stated she owned two dogs, one of which just gave birth to five or six puppies, a bird, and five cats. Ana explained her house was messy because she was rearranging furniture and in the process of getting rid of things. Ana worked night shifts at a restaurant, but she was currently on family leave for six weeks. Ana indicated her sister would help care for the children while Ana was at work.

The social worker reported Ana "adamantly denied using [methamphetamine] and could not provide an explanation as to how she tested positive." Ana explained as to her prior dependency case based on her methamphetamine use, "'[B]ack then I used a couple of times and I got caught.'" She denied using methamphetamine since then. Karishma and Serenia, then six and five, respectively, stated they did not attend school; Ana confirmed they were not enrolled. The social worker reported Serenia "emitted a foul odor" and appeared "unkempt with dirt stains on her legs and feet," disheveled hair, and dirty clothes.

Maternal aunt Sonia V. contacted the social worker to express her interest in caring for Karishma and Serenia. Sonia stated she helped care for the children about five times a week when Ana was at work. Sonia reported all the children had lice, which she and maternal grandmother had been trying to remove.

5

Sonia was aware of Ana's past drug use; however, she did not suspect Ana had used drugs recently. But Sonia admitted she did not interact much with Ana because Ana would just drop off and pick up the children. Sonia had not visited Ana's home in years, but she recalled Ana was a hoarder.

On September 2, 2020 the Department filed a petition on behalf of the eight children alleging Ana had a history of illicit drug use, was a current user of amphetamine and methamphetamine, and tested positive for both drugs on August 4, 2020.[4]

C.    *The Jurisdiction and Disposition Report*

The October 8, 2020 jurisdiction and disposition report stated Angel was placed in a short-term residential therapeutic program; Blanca was placed with a foster family; Karishma and Serenia were placed together with another foster family; and Victoria, Ariam, Jade, and Nevaeh were released to Israel. The children denied seeing Ana use methamphetamine, smoke, behave erratically, or have mood swings. Blanca stated she believed Ana tested positive for methamphetamine on August 4 because "'they put someone else's blood in [Ana], she said they put needles in her.'" Blanca blamed Rosa for the prior dependency case, explaining Rosa made Blanca "'lie to social workers and say my mom was a drug addict and using drugs.'" Blanca added, "'I knew Rosa was lying. Rosa also said my mom hit me, but I knew it was really [Rosa] that hit me.'" Angel

---

[4]    The petition also alleged Ana struck Serenia's body with a hanger and her hands, but the juvenile court later dismissed this allegation.

refused to provide information when asked what Ana smoked, how often, and when Ana last smoked. As to the prior dependency case, Angel stated Ana smoked "'a couple of years ago, maybe.'" Both Angel and Blanca wanted to return home to Ana.

Ana was willing to participate in services, but she denied any current use of methamphetamine or other drugs. Ana had only used crystal methamphetamine "'for 2 months on different occasions'" in 2012. She completed a 52-week drug program and a 12-step program for the prior dependency case, but she claimed she was able to stop using methamphetamine on her own. Ana admitted she tested positive for methamphetamine at the hospital two times on August 4, 2020. But she claimed she had not used methamphetamine since 2012, and it was not possible for her to have the drug in her system. Ana had no explanation for her positive drug tests.

Israel stated he was not aware Ana was using drugs. He reported that during the prior dependency case Ana failed to show up for visits, and on one occasion Ana visited Victoria and Ariam while under the influence of drugs. But Israel was shocked to learn that Ana had tested positive for methamphetamine. When Israel later spoke with Ana, she denied using drugs. Israel had not observed Ana recently acting erratically or having mood swings. But he noted that on the rare occasions he visited Ana's home, her home would be dirty with roaches and old food. Ana was always tired when he saw her, and in retrospect, Israel thought drugs might have affected her because she did not understand her home was in a problematic state. Israel had a concern about Ana's ability to care for their children because when Victoria and Ariam spent three weeks

7

with Ana the prior summer, they returned with lice. Had Israel known of Ana's recent drug use, he would not have allowed Victoria and Ariam to have contact with Ana, and he would have taken steps to obtain custody of Jade.

Edwin reported that when he first dated Ana in 2013, "'she'd been using meth for a long ass time, but she stopped when she went to [c]ourt.'" Edwin stated that once the prior dependency case closed in 2015, Ana "started using again, [and] she wouldn't listen to me or other people telling her to stop.'" Edwin added, "'[W]hen she got her kids back, she wasn't smoking much, she'd do it when they were with other people.'" Edwin said Ana lived in a one-bedroom apartment "'and she didn't want the kids to see her smoke, so she would go to the restroom.'" Edwin and Ana separated in October 2015, and to his knowledge, Ana was still smoking methamphetamine at the time. He could not recall how often she smoked or how much methamphetamine she used.

Ana tested negative for drugs on August 20, September 9, and September 21, 2020. But Ana missed a random drug test on October 2. Ana explained she forgot to call the random testing phone number, and when she called late on Saturday, she learned she had missed her test date. The social worker did not find Ana's statement credible, noting "the number to call in for random testing is only valid from Sundays to Thursdays." According to the November 11, 2020 last minute information for the court, Ana missed another random drug test on October 20, 2020. ~3 CT 612)~ The report noted Ana "has not drug tested at all for the month of October."

The Department recommended the juvenile court assume jurisdiction over all eight children and remove them from Ana's

8

physical custody based on her unresolved methamphetamine use. The Department also recommended the court terminate jurisdiction over Victoria, Ariam, Jade, and Neveah, with a custody order granting Israel sole physical and legal custody with monitored visits for Ana.

D.    *The Jurisdiction and Disposition Hearing*

At the November 12, 2020 jurisdiction and disposition hearing, minors' counsel (representing all children except Serenia) and Serenia's counsel requested the juvenile court assume jurisdiction over all eight children based on Ana's methamphetamine use.  Minors' counsel also requested the court terminate jurisdiction over Victoria, Ariam, Jade, and Neveah with a juvenile custody order granting Israel sole physical and legal custody of his children.  Ana's counsel could not explain why Ana tested positive and conceded Ana missed a random drug test, but it was "an accident."  Ana's counsel also  argued the allegations of Ana's drug use should be dismissed because there was no current risk of harm to the children.

For disposition, Ana's counsel asked the juvenile court to return all eight children to Ana because they were "well bonded with Ana" and Ana "[was] testing clean."  Ana was willing to participate in services and was attending a parenting course and receiving mental health services.  Ana objected to the court entering a custody order giving Israel sole legal and physical custody of Victoria, Ariam, Jade, and Neveah.  In addition, Ana objected "to any drug program, as Ana is testing clean."

The juvenile court sustained the section 300, subdivision (b)(1), allegations that Ana had "a history of illicit drug use and was a current user of amphetamine[] and

methamphetamine[], which render[ed] [Ana] incapable of providing regular care and supervision of the children." The court declared the children dependents of the court and removed them from Ana's custody. The court stated, "The factual basis is [Ana] has a substance abuse issue that she has lacked insight for. [¶] Her home reflects the lack of engagement in parenting, and the fact that her children were not in school, also reflects that. [¶] So the court, at this time, finds that it would be premature to return these children to her care." The court terminated jurisdiction over Victoria, Ariam, Jade and Neveah and granted Israel sole legal and physical custody of those children with monitored visitation for Ana. The court stayed the order terminating jurisdiction, and on November 20, 2020 the court entered a juvenile custody order granting Israel sole legal and physical custody of Victoria, Ariam, Jade, and Neveah, with "monitored visitation [for Ana] as agreed upon by parents" with an appropriate monitor.

The juvenile court ordered Ana to participate in a drug and alcohol program with aftercare, weekly random or on demand drug testing, a 12-step program with a court card and sponsor, developmentally appropriate parenting classes, individual counseling to address case issues, and family planning. The court granted Ana monitored visitation with Angel, Blanca, Karishma, and Serenia for three-hour visits, three times per week.

Ana timely appealed. During the pendency of her appeal, at the six-month review hearing held on July 15, 2021, the juvenile court returned Angel, Blanca, Karishma, and Serenia to

10

Ana's physical custody.[5] (§ 366.21, subd. (e).) The court found Ana had made substantial progress "toward alleviating or mitigating the causes necessitating placement" and release of the children to Ana "would not create a substantial risk of detriment to [their] safety, protection, or physical or emotional well-being." The court ordered the children placed in Ana's home and ordered the Department to provide family maintenance services to Ana and the children.

We invited the parties to submit letter briefs addressing whether Ana's appeal had been rendered moot by the July 15, 2021 orders. The Department argued in its supplemental brief that Ana's appeal as to Angel and Blanca should be dismissed as moot because Ana would not suffer any prejudice from dismissal. Ana filed a supplemental brief stating she "submits the matter for decision based on the placement order and respondent's letter brief."

---

[5] We take judicial notice of the July 15, 2021 minute orders. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) Consideration of postjudgment evidence is appropriate when the later orders are relevant to a motion to dismiss an appeal or to determine whether the evidence renders the appeal moot. (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676 ["appellate courts routinely consider limited postjudgment evidence" for motions to dismiss]; *In re N.S.* (2016) 245 Cal.App.4th 53, 57 [appellate court may consider postappeal rulings that affect its ability to grant effective relief].)

11

## DISCUSSION

### A. *Ana's Appeal of the Order Removing Angel and Blanca from Her Physical Custody Is Moot*

A dependency appeal "'"becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief."'" (*In re J.P.* (2017) 14 Cal.App.5th 616, 623; accord, *In re N.S.* (2016) 245 Cal.App.4th 53, 61 [mother's appeal was moot where juvenile court awarded her custody of minor and dismissed dependency proceedings]; *In re Albert G.* (2003) 113 Cal.App.4th 132, 134 [maternal aunt's appeal of child's removal from her care and denial of her section 388 petition were rendered moot by child's adoption].)

Ana challenges the juvenile court's removal of Angel and Blanca from her physical custody on the basis 16-year-old Angel and 14-year-old Blanca were at a lower risk of harm than their younger siblings because they were capable of taking care of themselves and reporting any safety issues to the social worker or other family members. But at the July 15, 2021 six-month review hearing, the juvenile court returned the children to her physical custody and granted her family maintenance services. Ana's appeal is therefore moot because even if we reversed the removal order, we would be unable to grant Ana any effective relief. Ana does not present any arguments to the contrary.

### B. *The Juvenile Court Did Not Abuse Its Discretion in Granting Israel Sole Legal Custody*

Upon termination of jurisdiction, the juvenile court may issue a custody and visitation order, commonly called an "exit

12

order," "determining the custody of, or visitation with, the child." (§ 362.4, subd. (a); see *In re C.W.* (2019) 33 Cal.App.5th 835, 863; *In re Armando L.* (2016) 1 Cal.App.5th 606, 616.)  An exit order, like other custody orders, focuses on the child's best interests.  (*In re C.M.* (2019) 38 Cal.App.5th 101, 109 ["When a juvenile court makes custody and visitation orders, it does so pursuant to its authority under the Welfare and Institutions Code, guided by the totality of the circumstances in issuing orders that are in the child's best interests."]; see *In re Chantal S.* (1996) 13 Cal.4th 196, 206.)  If there is a pending family law case, the exit order will be filed in that proceeding (§ 362.4, subd. (b)); if not, the order may be used to open a new family law case (*id.*, subd. (c)). (See *C.W.*, at p. 863; *Armando L.*, at p. 616.)  The order remains effective "until modified or terminated by a subsequent order of the superior court."  (§ 362.4, subd. (b).)

We review the juvenile court's exit order for an abuse of discretion.  (*In re C.W., supra*, 33 Cal.App.5th at p. 863; see *In re Stephanie M.* (1994) 7 Cal.4th 295, 318 ["when a court has made a custody determination in a dependency proceeding, "'a reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations].""'"].)

Ana contends the juvenile court abused its discretion in awarding Israel sole legal custody of Victoria, Ariam, Jade, and Neveah because it was not in the children's best interests.  She argues there was no showing she had a limited ability to participate in decision making relating to the children's health, education, and welfare.

13

However, as the juvenile court found, Ana had a continuing substance abuse issue and lacked insight into her drug problem. Ana was adamant she had not used methamphetamine since 2012, even though she tested positive for methamphetamine in June 2014 while pregnant with Serenia and again in August 2020 while pregnant with Neveah. On both occasions, Ana could not explain her positive drug test results. Further, Edwin M., who was in a relationship with Ana from 2013 to October 2015, reported once the prior dependency case closed, "[Ana] started using again, she wouldn't listen to me or other people telling her to stop." Although Ana completed a 52-week drug treatment program in the prior dependency case, she maintained she did not need the program to stop using drugs and only completed it because of the court order. Moreover, Ana did not drug test in October 2020, missing two random drug tests the month before the November 12 disposition hearing.

Israel was concerned that Ana's drug use may have affected Ana's parenting in that she did not understand the condition of her home was a problem, and the prior summer Ana had returned Victoria and Ariam to Israel with lice after they spent three weeks with Ana. The juvenile court found the condition of Ana's home reflected "lack of engagement in parenting." When the social worker visited Ana's home on August 19, 2020, the house had feces stains on the floor, smelled of animal urine, had open Raid bottles, was roach infested, and cluttered. Serenia "emitted a foul odor," had dirt stains on her legs and feet, disheveled hair, and dirty clothes.

Further, Ana's contention she met her children's medical and educational needs is belied by the record. We acknowledge the COVID-19 pandemic made it challenging for Ana to keep the

14

children current with their medical examinations and Jade up to date with immunizations. But Ana showed poor parenting judgment with her other children in her care before all eight were removed from her custody. Ana provides no reason why she did not enroll six-year-old Karishma and five-year-old Serenia in school. After Karishma was placed in foster care, she started attending first grade, but according to her foster parents, she was "struggling in school and her teacher is worried about her development as she appears to be far behind her peers and struggling." Further, "Karishma cannot write her name, can only count to 4 and 'can't keep up' in school." After her placement, Serenia was enrolled by her foster parent in kindergarten; the foster parent reported "Serenia is eager to learn but is very behind and does not know her letters or numbers." In addition, Angel had an individualized education plan (IEP) for "[e]motional [d]isturbance," and Ana failed to participate in his IEP meeting despite being notified three times. Ana also did not attend a June 4, 2020 evaluation for Blanca's IEP plan for Blanca's learning disability. Ana's failure to provide proper parenting as to four of the children in her care was a valid basis on which to conclude she was not ready to parent her other four children—Victoria, Ariam, Jade, and Neveah. Victoria and Ariam were younger than Angel and Blanca, and Jade and Neveah were also younger than Karishma and Serenia. And Victoria, Ariam, Jade, and Neveah had a father (Israel) who was committed to caring for all four children and had no history of alcohol or drug problems or other issues that would interfere with his decision making as to the children.

Under the totality of the circumstances, the juvenile court did not abuse its discretion in granting Israel sole legal custody of Victoria, Ariam, Jade, and Neveah.[6]

## DISPOSITION

Ana's appeal from the disposition order removing Angel and Blanca from Ana's physical custody is dismissed.  The juvenile custody order as to Victoria, Ariam, Jade, and Neveah is affirmed.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.

---

[6]     We recognize the juvenile court on July 15, 2021 returned Angel, Blanca, Karishma, and Serenia to Ana's care.  But this has no bearing on whether the court should have granted joint legal custody of Victoria, Ariam, Jade, and Neveah to Ana eight months earlier at the disposition hearing.  At that hearing, the court removed all eight children from Ana's care.